IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–35–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRIAN DEE HENDRICKSON, | |
| Defendant. | |

Before the Court is Defendant Brian Dee Hendrickson's Unopposed Motion for Early Termination of Probation. (Doc. 115.) The United States and the United States Probation Office do not oppose. (*Id.* at 2, Doc. 116 at 2.) For the reasons below, the Court grants the Motion.

## BACKGROUND

On July 30, 2019, Hendrickson was sentenced for conspiracy to possess with the intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1) and 846. (Doc. 106.) The Court sentenced Hendrickson to a custodial sentence of time served, followed by 7 years of supervised release. (*Id* at 2–3.) Hendrickson has no documented violations of supervision.

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Hendrickson has served five years of supervised release making him eligible for early termination. Following Hendrickson's arrest, he attended inpatient treatment where he worked on his substance abuse and mental health issues. (Doc. 115 at 1.) Next, Hendrickson attended sober living where he further developed the skills to allow him to be in a community setting while maintaining sobriety. (*Id.*) Hendrickson also worked as a life coach at the Rocky Boy Health Center Diabetic

Clinic. (*Id.*) Following eleven months of sober living, Hendrickson graduated and secured his own residence while continuing to attend outpatient treatment. (*Id.*)

In 2020, Hendrickson was awarded custody of his oldest daughter and bought his first home. (*Id.*) Hendrickson welcomed a second daughter that same year and has since worked full time and started his own business. (*Id.*)

Based on Hendrickson's compliance with the terms of supervision, his continued sobriety, his consistent employment, and his commitment to his family, the Court believes Hendrickson can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Hendrickson, along with the need to promote "deterrence" and "protect the public," the Court agrees with Hendrickson that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Hendrickson's Motion (Doc. 115) is GRANTED. Brian Dee Hendrickson's term of supervised release is TERMINATED as of the date of this Order.

DATED this 4th day of April, 2025.

Dana L. Christensen, District Judge
United States District Court